902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alpha Wesley PETERS, Plaintiff-Appellant,
v.
Ronald O. GREGORY; Carl Legursky; Dr. Norman Wood; Paul
Kirby, Defendants-Appellees.
 No. 89-6322.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 29, 1989.
Decided May 2, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, District Judge. (C/A No. 89-160-E(K))
 Alpha Wesley Peters, appellant pro se.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alpha Wesley Peters, an inmate at the West Virginia Penitentiary, appeals the district court's dismissal, under 28 U.S.C. Sec. 1915(d), of his 42 U.S.C. Sec. 1983 action. Peters states that in 1980 he was diagnosed as having a malignant brain tumor. Surgery was performed and radiation treatment administered. In 1987 Peters was arrested and incarcerated. Since arriving at prison Peters has experienced dizzy spells and extreme headaches. In March of 1988 Peters was sent to see a doctor in Wheeling, West Virginia. The doctor told him that if he were to perform surgery Peters would most likely lose the use of his arms, legs, and eyes. The doctor also stated that more radiation treatments would not help Peters' condition.
 
 
 2
 Peters contends that he is still suffering from dizzy spells and headaches and when he complains to prison officials they state that there is nothing they can do. He states that he does not receive any medication for these symptoms. Peters has seen on television that doctors are now using laser radiation to shrink brain tumors but prison officials have told him that this kind of treatment is not available to him.
 
 
 3
 The facts of this case are similar to those in Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882). In that case the inmate alleged that he had a small brain tumor which affected his equilibrium. Among other claims, Williams contended that reformatory doctors refused to treat the tumor. The district court dismissed the complaint as frivolous under Sec. 1915(d) on the grounds that his complaint did not allege deliberate indifference to his serious medical needs but instead described medical malpractice. The Court of Appeals for the Seventh Circuit reversed this part of the district court's opinion stating that, although Williams' complaint failed to allege a level of deliberate indifference to survive a motion to dismiss under Rule 12(b)(6), he had stated enough to survive Sec. 1915(d). Id.
 
 
 4
 The Supreme Court affirmed the Court of Appeals' decision. Dismissal under Sec. 1915(d) is proper when the complaint "lacks an arguable basis either in law or in fact." Id. at 4495. Although there is considerable overlap between Sec. 1915(d) and Rule 12(b)(6), failure to state a claim does not automatically allow dismissal as frivolous. Id.
 
 
 5
 In the present case it is not clear that the defendants are not currently being deliberately indifferent to Peters' medical needs regarding medication for headaches and dizziness and laser radiation treatment. The state should at least be required to respond to Peters' allegations before these claims are dismissed. Because a Sec. 1915(d) disposition is not appropriate on these facts, we vacate the judgment and remand this action to the district court. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.